```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

   THURMAN JEROME BROWN,

                      Plaintiff,           MEMORANDUM & ORDER
                                           23-CV-4805 (EK)(ST)

              -against-

   NEWSDAY INC, THE BALDWIN & ROCKVILLE
   CENTER HERALDS, CHIEF COURT REPORTER
   MARGARET O'SHEA-SCHELL, et al.,

                      Defendants.

-------------------------------------x
-------------------------------------x

   THURMAN JEROME BROWN,

                      Plaintiff,
                                           23-CV-6453 (EK)(ST)

              -against-

   NASSAU COUNTY FIRST DISTRICT COURT
   CLERK'S OFFICE, NASSAU COUNTY STATE
   COURT JUDGES, VICTOR M. ORT, et al.,

                      Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Thurman Jerome Brown brings these actions *pro se*, along with applications to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). Brown filed two versions of the "Application to Proceed in District Court without Prepaying Fees or Costs (Short Form)" (AO 240) ("Short Form"). For the reasons discussed below, Brown's applications

to proceed IFP are both denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) (the "Long Form"). Alternatively, Plaintiff may pay the $405.00 filing fee in either or both actions.

"An *in forma pauperis* motion meets Section 1915(a)'s standard when it demonstrates that the applicant cannot 'pay or give security for the costs [of litigation] and still be able to provide himself and dependents with the necessities of life.'" *Rosa v. Doe*, 86 F.4th 1001, 1008 (2d Cir. 2023) (quoting *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948)). A plaintiff seeking to proceed IFP must submit an affidavit stating, "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). "If it appears that an applicant's access to court has not been blocked by his financial condition; rather that he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case, then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020).[1]

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

In Case No. 23-CV-4805, Brown states that he is unemployed and has received no income from any source in the past twelve months. Short Form ¶¶ 2-3, ECF No. 2. He states that he has $124.16 in cash or in a checking or savings account and has no regular monthly expenses, financial dependents, or any assets. *Id.* ¶¶ 4-6. In the section inquiring about debts or financial obligations owed, Brown reports a "credit card debt exceeding 26k" and lists "student loans, rent, food, clothing, medical" but has not included the amounts owed for these items or stated to whom they are payable. *Id.* ¶ 8. He lists a residential address, but does not list any expenses associated with the residence besides his rent. *See id.*

In the later-filed Case No. 23-CV-6453, Brown states that he is unemployed but in the last twelve months he has earned "about $5,000 for clinical education workshop that I do online." Short Form ¶¶ 2-3, ECF No. 2. He states that he has $100.00 in cash or in a checking or savings account. *Id.* ¶ 4. He pays $918.00 a month for rent but does not list any other regular monthly expenses, financial dependents, or any assets. *Id.* ¶¶ 6-7. In the section inquiring about debts or financial obligations owed, Brown reports a "$26,000 in credit debt." *Id.* ¶ 8. Brown indicated that he plans to file for bankruptcy. *Id.* ¶ 3.

Twenty-six thousand dollars is obviously a substantial sum of credit card debt, especially for someone earning only five thousand dollars a year.  Still, these submissions do not allow the court to determine whether Brown can pay the $405.00 filing fees for these actions.

This is not Brown's first time asserting that he could not afford to pay this court's filing fee.  In 2020, Brown applied for IFP status in *Brown v. People of the State of N.Y.*, No. 20-CV-0020 (E.D.N.Y.).  At that time, he listed the same address and telephone number he lists in his current cases.  2d Motion for Leave to Proceed IFP, *Brown*, No. 20-CV-0020 (E.D.N.Y. March 2, 2020), ECF. No. 9.  Brown has not explained how he has retained his residence or telephone subscription for several years given the financial condition he asserts.

Moreover, in 2020, Brown paid this court's filing fee after the court denied his application to proceed IFP.  *See* Order, *Brown v. People of the State of N.Y.*, No. 20-CV-0020 (E.D.N.Y. Feb. 21, 2020), ECF. No. 8; Filing Fee, *Brown*, No. 20-CV-0020 (E.D.N.Y. March 3, 2020), ECF. No. 10.  In that action, after the initial denial of IFP status, Brown filed a Long Form IFP application — although he paid the filing fee immediately after, without awaiting a decision on his Long Form.  2d Motion for Leave to Proceed IFP, *Brown*, No. 20-CV-0020 (E.D.N.Y. March 2, 2020), ECF. No. 9.  That Long Form stated that Brown "used

4

unemployment money to pay filing fees" and "receive[d] $441.00 weekly."  *Id.*

The Short Form IFP applications that Brown submitted do not provide sufficient context for any change in Brown's circumstances between March 2020, when he paid the court's filing fee, and the present.  Absent further explanation, the fact that he has retained the same address may be an indication that his circumstances have remained generally stable.  Thus, on the existing record, Brown has not "demonstrate[d]" that he cannot afford filing fees.  *Rosa*, 86 F.4th at 1008.

Accordingly, Brown's IFP applications are denied without prejudice.  In each action, Brown is granted 14 days leave from the entry of this Order to either file a Long Form IFP application or to pay the $405 filing fee.  If Brown does neither, the respective action shall be dismissed without prejudice.

Furthermore, Brown is advised that federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented.  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).  The court will dismiss an action if subject matter jurisdiction is lacking, regardless of payment of the filing fee.

5

All further proceedings in both actions shall be stayed. For free, limited-scope legal assistance, Brown may wish to consult the Hofstra Law Pro Se Legal Assistance Program in Central Islip by emailing PSLAP@Hofstra.edu or by calling (631) 297-2575; or the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Order and a Long Form IFP application to the plaintiff, and to note mailing on the docket.

SO ORDERED.

        /s/ Eric Komitee
        ERIC KOMITEE
        United States District Judge

Dated:   February 27, 2024
        Brooklyn, New York