UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

THURMAN JEROME BROWN,

                Plaintiff,        **MEMORANDUM & ORDER**
                                                 23-CV-6453 (EK)(ST)

        -against-

NASSAU COUNTY FIRST DISTRICT COURT
CLERK'S OFFICE; VICTOR M. ORT; DONALD
P. DERIGGI; JACOB MISHLER, U.S
District Judge; ALLYNE ROSS, U.S.
District Judge; and GARY BROWN, U.S.
District Judge,

                Defendants.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff Thurman Jerome Brown brings this action under 42 U.S.C. § 1983.[1] He alleges violations of his constitutional rights related to past criminal proceedings in Nassau County, as well as past civil proceedings in this court. He names as defendants various Nassau County and federal judges, as well as the Nassau County First District Court Clerk's Office. For the reasons outlined below, the Court dismisses Brown's complaint *sua sponte* on timeliness and immunity grounds.

---

[1] On February 27, 2024, the Court denied Brown's request to proceed *in forma pauperis* and granted him fourteen days to either file a long form *in forma pauperis* application or pay the court's filing fee. *See* Mem. & Order 2, ECF No. 7. Brown failed to do either, so the Court dismissed the case without prejudice. On May 24, 2024, Brown paid the filing fee, and on June 4, 2024, the Court directed the Clerk of Court to re-open the case.

## I. Background

The following allegations are drawn from Brown's complaint and its associated exhibits, and they are assumed to be true for purposes of this order. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).[2]

Brown was arrested on robbery and burglary charges on September 19, 1996. *See* Compl. Ex. A at 6, ECF No. 1-1. He claims that the Nassau County First District Court Clerk's Office ("Clerk's Office") withheld, altered, and improperly sealed documents during the subsequent criminal prosecution. *See* Compl. 4, ECF No. 1. He also alleges that two state judges involved in that case — Justices Victor M. Ort and Donald P. DiRiggi — altered court transcripts, permitted multiple prosecutions in violation of the Double Jeopardy Clause, and meddled in subsequent appeals. *Id*. at 5-7.

Brown also alleges misconduct by federal judges involved in later civil proceedings related to his state prosecution. He claims that District Judges Jacob Mishler and Allyne Ross improperly dismissed motions for reconsideration filed (respectively) in 2002 and 2006. *Id*. at 9. And he claims that in a 2021 civil lawsuit, District Judge Gary Brown issued conflicting orders on the service of his complaint, deliberately

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

withheld a report and recommendation from a magistrate judge, and improperly dismissed the case. *Id.* at 10-11; *see Brown v. The People of the State of N.Y.*, No. 20-CV-00020 (E.D.N.Y. May 24, 2021). It is unclear what remedies the plaintiff seeks, aside from the request that Judge Brown not preside over his case. *See* Compl. 11.

## II.  Legal Standard

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nevertheless, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). And "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *See Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam); 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III. Discussion

**A.    Timeliness**

Most of Brown's claims are time-barred.  "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations."  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).  Brown's claims, other than those related to Judge Brown's May 24, 2021 dismissal order, all pertain to events that allegedly occurred more than three years before he filed the instant action on August 23, 2023.  So, those claims are facially untimely and must be dismissed.[3]  *See Smith v. N.Y. City Transit Auth.*, 201 F.3d 432, 432 (2d Cir. 1999) (table decision) ("[A] complaint may be dismissed as frivolous prior to service where it is clear from the face of the complaint that the claim is time-barred under the applicable statute of limitations").

**B.    Sovereign Immunity**

Brown's claim against the Clerk's Office also cannot survive under basic Eleventh Amendment principles.  "As a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or

---

[3] New York law permits equitable tolling of a statute of limitations, but this only applies in "rare and exceptional circumstances, where a party was prevented from timely performing a required act and where that party acted with reasonable diligence throughout the period he sought to toll." *Jones v. City of New York*, 846 Fed. App'x. 22, 24 (2d Cir. 2021).  Brown has not alleged "rare and exceptional circumstances" (or, indeed, any circumstances) justifying equitable tolling here.

4

unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). This immunity extends to "state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

New York has not waived its sovereign immunity to suit in federal court. *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977). Congress did not abrogate this immunity when it enacted Section 1983. *Quern v. Jordan*, 440 U.S. 332, 342-45 (1979). And there is no dispute that the "Clerk's Office" is an instrumentality of New York State. Thus, the Eleventh Amendment clearly applies, meaning Brown's claims against the Clerk's Office must be dismissed. *See Rubin v. N.Y. State Dep't of Motor Vehicles*, No. 10-CV-4119, 2010 WL 3842011, at *1 (E.D.N.Y. Sept. 28, 2010).

**C.   Judicial Immunity**

Finally, Brown's claims against the state and federal judges fail under the doctrine of judicial immunity. "Judges acting in their judicial capacity are absolutely immune from suit, even where the plaintiff asserts constitutional violations under [Section] 1983." *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018). This immunity may only be overcome if (1) the challenged acts were not taken in a judicial

5

capacity, or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam).

Here, Brown's claims against the state and federal judges all stem from decisions made in prior state and federal court proceedings.  Brown alleges no facts suggesting that these actions were non-judicial in nature, or that they were taken in the absence of all jurisdiction.  Thus, judicial immunity clearly bars these claims.  *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit."); *Reiss v. Baron*, No. 22-CV-908, 2022 WL 624420, at *2 (S.D.N.Y. Mar. 3, 2022) (dismissing Section 1983 claims against judges as frivolous given the application of judicial immunity).

## IV.   Conclusion

For the foregoing reasons, Brown's complaint is dismissed with prejudice.  *See Kling v. World Health Org.*, 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) ("Courts regularly dismiss complaints with prejudice where the defendant is immune from suit.").  The Clerk of Court shall send a copy of this Order to Brown, noting the mailing on the docket.  Although Brown paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

       SO ORDERED.

                               /s/ Eric Komitee
                              ERIC KOMITEE
                              United States District Judge

Dated:    July 29, 2025
            Brooklyn, New York